UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Michael A. Wolf, | ) | Case No. 14 B 27066 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |
| N. Neville Reid, not individually but solely in his capacity as Chapter 7 Trustee for bankruptcy estate of Michael A. Wolf | ) | Adversary No. 16 A 00066 |
| Plaintiff, | ) | |
| Michael Wolf, Scott Wolf, Peter Wolf, Zig-Zag, Corp., ZZC, Inc. (IL), ZZC, Inc. (DE), MMQB, Inc., Hound Ventures, Inc., SHBM, Inc. MaCherie LLC, Melissa Skolnick and Four Legs, Inc. | ) | |
| Defendants. | ) | |

**Memorandum Opinion**

Before the court for ruling are two motions filed by N. Neville Reid, chapter 7 trustee (the "Trustee") for the estate of Michael Wolf, seeking sanctions against Michael Wolf and Peter Wolf for failure to abide by the Federal Rules of Civil Procedure, the Local Rules of this court and the specific orders related to discovery in this case. For the reasons that follow, both motions will be granted and orders of default will be entered against Michael Wolf and Peter Wolf.

## Background

Michael Wolf filed a voluntary chapter 7 petition on July 23, 2014. The Trustee, charged with marshalling the assets of Michael Wolf's bankruptcy estate, filed an adversary proceeding to, among other things, avoid alleged transfers of Michael Wolf's business assets and seeking an order denying Michael Wolf's discharge under section 727 of the Bankruptcy Code. The alleged transfers were made to various family members shortly before he filed his chapter 7 petition and allegedly in response to the Petition for Marital Dissolution filed by his estranged wife, Elizabeth Wolf.

In January 2016, the Trustee filed an adversary complaint against Michael Wolf, Scott Wolf, Peter Wolf and a number of other individuals and entities. Since the filing of the adversary complaints, Michael Wolf and Peter Wolf have consistently frustrated the Trustee and other parties as they have resisted providing coherent answers to properly served interrogatories and requests for production of documents. Moreover, they have not complied with the court's orders compelling them to answer the discovery and sanctioning them for failure to timely answer.

As a result of Michael and Peter Wolf's failure to provide answers to any outstanding discovery and to make their initial disclosure by July 13, 2016, the Trustee filed a motion to compel (Dkts. # 157). On September 28, 2016, the court entered an order granting the first motion to compel, ordering Michael and Peter Wolf to answer all outstanding discovery and to prepare and serve all initial disclosures required under Fed.R.Civ.Pro. 26 on the Trustee by October 14, 2016 (Dkt. # 165). Michael Wolf and Peter Wolf did not provide the discovery and initial disclosures as ordered and on October 24, 2016, the Trustee filed a second motion to compel (Dkt. # 263). On October 24, 2016, Michael Wolf filed a document entitled "Initial Rule

26(a)(1) Disclosures of the Third-Party Plaintiff Michael A. Wolf" (Dkt. # 271)[1]. Despite the document containing 96 pages, the "Initial Rule 26 Disclosures" did not provide disclosure of any witnesses or documents regarding the Trustee's claims or the defense of Michael Wolf. In fact, the majority of the disclosures related, instead, to the Third-Party Complaint.[2] When responding to the requests to produce documents, Michael Wolf did not comply with the Federal Rules of Civil Procedure which require the documents produced to be identified and marked. Instead, Michael and Peter Wolf generally responded by referring to voluminous bank and other records that the Trustee may or may not have in his possession.

On November 16, 2016, the court held a lengthy discovery conference with the parties, including Trustee's counsel, Michael Wolf and Peter Wolf to review the significant deficiencies in the responses of Michael and Peter Wolf and to aid the parties in moving forward with discovery. At the conclusion of the discovery conference, the court ordered compliance and set a status for December 20, 2016 to determine whether the outstanding discovery had been provided.

On December 20, 2016, despite the court's lengthy conference with the parties to assist them in resolving the discovery disputes, it was apparent to the court that adequate discovery responses had not been provided and the court entered another order to produce the documents and answer the outstanding interrogatories by January 3, 2017. In addition, the court ordered Michael and Peter Wolf to pay attorney fees to the Trustee for the cost of bringing the motion to compel (Dkt # 340). To date, the attorneys' fees have not been paid and the discovery has not been satisfactorily answered.

---

[1] Michael Wolf and Peter Wolf filed a Third-Party Complaint on October 13, 2016. This complaint was later dismissed with prejudice.
[2] On December 2, 2016, Peter Wolf filed his "Initial Rule 26(a)(1) Disclosures of the Third Party Plaintiff, Peter B. Wolf". Peter Wolf's disclosures do not disclose any witnesses or documents regarding the Trustee's claims or the defense of Peter Wolf.

3

The Trustee has now filed two new motions seeking sanctions against both Peter and Michael and requests that this court enter an order holding Michael and Peter in default as a sanction for their refusal to comply with the Federal Rules of Civil Procedure and this court's orders.

## Discussion

"The judicial system is premised on the honest, good faith efforts of the parties involved .... Where honesty is replaced with falsehood, a party's right to litigate comes into question." *Rosenthal Collins Grp., LLC v. Trading Techs. Int'l, Inc.*, No. 05 C 4088, 2011 WL 722467, at *6 (N.D.Ill. Feb. 23, 2011) (Johnson, J.) (citations omitted). Indeed, "[l]awyers and litigants who decide they will play by rules of their own invention will find that the game cannot be won." *Id.* (quoting *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 663 (7th Cir.1994)). Litigants who abuse the judicial process, for example by flouting court orders and ignoring lesser sanctions, should not be surprised to find themselves facing a default judgment. *See Domanus v. Lewicki*, 288 F.R.D. 416 (N.D. Ill. 2013), aff'd, 742 F.3d 290 (7th Cir. 2014) (failure to comply with court order directing payment of attorney fees incurred in conjunction with sanction motion warranted a default judgement); *In re Golant*, 239 F.3d 931 (7th Cir. 2001) (denial of discharge was appropriate sanction for failure of debtor/defendant to comply with discovery where behavior was willful and in bad faith).

Rule 7037 of the Federal Rules of Bankruptcy Procedure incorporates Rule 37 of the Federal Rules of Civil Procedure and specifically authorizes courts to issue a default judgment against a party who fails to obey a discovery order, Fed.R.Civ.P. 37(b)(2)(B)(vi). Rule 37(a)(4) treats an evasive and incomplete answer in discovery as equivalent to no answer, and thus a failure to comply with court-ordered discovery. *Ramirez v T&H Lemont, Inc.*, 845 F.3d 722, 776

4

(7th Cir. 2016). In addition, the inherent power of federal courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" encompasses "the ability to fashion an appropriate sanction for conduct which abuses the judicial process," as well as the "power to punish for contempts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).[3] *See also Fischer v. Cingular Wireless, LLC,* 446 F.3d 663, 665–66 (7th Cir.2006) (dismissal is an appropriate sanction and noting that a warning is not always necessary and that notice of possible dismissal revealed in the opposing party's motion may serve as adequate warning).

## The Entry of Default Judgments
## Against Michael Wolf and Peter Wolf is Warranted

Michael Wolf voluntarily sought the protection of the bankruptcy court when he filed his chapter 7 petition. The goal for any person seeking the protection of the bankruptcy court is to obtain a discharge of their debts. A debtor in a chapter 7 case is obligated to cooperate with the appointed chapter 7 trustee to turn over his assets to enable to trustee to distribute to creditors. The honest but unfortunate debtor is entitled to receive a discharge. The debtor who attempts to hinder the trustee in his efforts to marshal the assets of the estate, however, is not entitled to a discharge. 11 U.S.C. §727(6)(A); *Grogan v. Garner,* 498 U.S. 279, 287 (1991). Incumbent on the debtor seeking a discharge is the duty to cooperate with the trustee, turn over his assets to the trustee and cooperate with the trustee in his effort to recover assets. *See generally In re Schoemperlen*, 332 B.R. 179 (Bankr. C.D. Ill. 2005) (holding that chapter 7 debtor's failure to turn over to trustee an inheritance that he received within 180 days of petition date, despite

---

[3]*Chambers* also acknowledged that courts may, in the exercise of their inherent powers, assess attorney's fees against a party that "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."

5

having been instructed by the trustee that any such inheritances were property of the estate, warranted revocation of debtor's discharge).

Michael Wolf and Peter Wolf has willfully and in bad faith refused to cooperate with the Trustee throughout the adversary proceedings by not answering discovery, failing to serve initial disclosures, violating court orders and ignoring the Rules of Civil Procedure. Moreover, the court has gone to great lengths to urge Michael and Peter Wolf to comply with discovery. It has entered two orders compelling them to completely respond to the outstanding discovery and in November 2016 met with Michael, Peter and the Trustee to assist in making sure Michael and Peter Wolf understood what constitutes adequate responses to interrogatories and document requests. Finally, the court entered an order requiring Michael and Peter Wolf to reimburse the Trustee for his attorney's fees for filing the several motions to compel. The court's order was ignored and no fees were paid. In this case, a default judgment against Michael and Peter Wolf is the only adequate sanction. Prior lesser sanctions have been ignored. In spite of the past orders, Michael and Peter Wolf continue to defy this court by failing to turn over many of the required documents. Because of their actions, this court finds that there is no way that this case can efficiently proceed.

## Conclusion

An order will be entered denying Michael Wolf his discharge under section 727(a)(2), (a)(3), (a)(4) and (a)(5). A default judgment will be entered against Michael Wolf as to all other counts in which he is named.

Peter Wolf is a defendant in Counts II and XXIV. A default judgment will be entered against Peter in those counts. The court will, at a later time, schedule a hearing to determine the

amount of the judgment against Peter or to enforce the turnover of any specific property in the possession of Peter.

Date: April 13, 2017

_____
Hon. Deborah L. Thorne
United States Bankruptcy Judge